Busey v. Felsenthal.

Opinion delivered October 15, 1928.

*Marsh, McKay & Marlin*, for appellant.

*Patterson & Rector*, for appellee.

McHaney, J. The facts in this case are undisputed. In November, 1925, appellees, being brokers in El Dorado, Arkansas, solicited the appellant for the right to sell certain royalty interests owned by him individually and as trustee. The appellant listed the property with appellee at $20,000 net. It was agreed between them that he should add a 5 per cent. commission, or $1,000, to the net price, and attempt to get a purchaser for $21,000. Shortly thereafter he priced this property to Mr. P. R. Mattocks, representing the B. H. & M. Oil Company, at $20,000 · for the owner and $1,000 commission. Mr. Mattocks was interested in the purchase, and appellees sent him to appellant to close the deal. Mattocks called on appellant on November 5, 1925, and agreed with him for the purchase of this royalty at the price of $20,000 plus the commission of $1,000 to appellee, conditioned that the title should be approved by Gaughan & Sifford, attorneys, of Camden, Arkansas. He thereupon drew a draft in favor of Gaughan & Sifford for $20,000, with instructions to them to turn it over to appellant on approval of the title. Appellees were notified of this contract of purchase and sale between appellant and the B. H. & M. Oil Company. Appellant thereafter refused to carry out the contract of sale, but breached his contract with the B. H. & M. Oil Company and sold the same royalty interest to another. At the conclu-

sion of the testimony the court directed the jury to return a verdict for appellees, which was done.

Appellant says, first, that there was no contract of employment between him and appellee, and second, if there was a contract of employment, it was expressly understood and agreed that he would not pay appellee for his services, and that no damages could have been sustained by him.

In a case quite similar to this in principle, *Lewis* v. *Briggs,* 81 Ark. 96, 98 S. W. 683, this court said:

"Under the terms of this contract Lewis does not make out a case for recovery against the plaintiff (defendant) by showing that he secured a contract with solvent parties to purchase the land. He must, under this contract, show either that defendants have received some part of the balance of the purchase money to which he was entitled, or that the parties who agreed to purchase were ready, willing and able to perform their part of the contract, and that they were prevented from doing so by the default or failure of the defendants to perform their part of the contract."

The above case was cited with approval in the more recent case of *Vaughan* v. *Odell & Kleiner,* 149 Ark. 118, 231 S. W. 562. In that case it was said: "It is a well-settled and sound principle of law that he who prevents a thing from being done shall not avail himself to his own benefit of the nonperformance which he has occasioned." Also, in stating the effect of the rule laid down in *Lewis* v. *Briggs,* the court used this language: "In concluding the opinion the court said that, under the contract, so long as the purchase price was unpaid, and so long as the defendants were not to blame for its non-payment, they were not liable. This was a clear recognition of the rule as we have stated it. Upon the principle stated in these cases, the broker might have a claim for his services if the sale had failed through the fault of the defendant."

In the case at bar the proof is undisputed that an absolute sale was made, subject only to the approving

opinion of an attorney to whom the royalty interest was later sold. We are of the opinion that this case is ruled by the cases above cited, and that the court did not err in directing a verdict upon the undisputed testimony in the record.

Judgment affirmed.